## ELSE *against* FERRIS.

"He will be a bankrupt in six months," actionable *per se.* Under the general issue, the truth of words cannot be given in evidence in mitigation. That words were spoken in heat, goes in mitigation only.

THIS was an action of slander, for saying of the plaintiff, "he will be a bankrupt in six months." No special damage was alleged in the declaration.

Plea, the general issue.

The defendant proved, in bar, that the words were spoken in heat.

VAN NESS, J. The words are, unquestionably, actionable *per se;* (1) their being spoken in heat, can only go in mitigation.(2)

(1) If one says of a merchant, "He is a bankruptly knave," or "he will be a bankrupt within two days," or such like insinuations, these words are actionable. 4 Co. 19, a Vide 'Cro. Jac. 578; Starkie on Slander, 134; 5 Johns. 476.

(2) A different opinion has been entertained by some lawyers and judges, (3 Mass. 553,) but certainly without foundation; no case can be found where the fact of the words having been spoken in heat, has been allowed to be received in bar. Words spoken in the warmth of passion, may sometimes be less injurious to the character of the party slandered, than when used with a cool deliberate purpose to defame, but certainly can never, for that reason, be deemed so far harmless, as to be allowed to pass without legal animadversion. On this subject, Mr. Selwyn very correctly remarks, that, actions for words should not be brought on slight and trivial occasions, and when the words are merely words of heat, anger, or passion, spoken suddenly, or without deliberation, such actions should be discountenanced; but that at

The defendant, in mitigation, offered to prove the truth of the expressions by some equivocal facts.

VAN NESS, J. Under the general issue, the truth of words can never be given in evidence in mitigation of damages.(3)

*C. Bogert*, for the plaintiff.

*Bogardus*, for the defendant.

the same time it has been truly said, by Wray, C. J., that unless the party, injured by false and malicious scandal, had a remedy at law, it would be a *verbis ad verbera*, and the consequences might be fatal. 2 Selwyn's N. P., 1155.

(3) The case of *Underwood* v. *Parks*, (2 Str. 1200; 17 G. 2,) is the leading case on this subject. There, in an action for words, the defendant pleaded not guilty, and offered to prove the words to be true, in mitigation of damages, which the chief justice (Lee) refused to permit, saying, that at a meeting of all the judges, upon a case that arose at the common pleas, a large majority of them had determined not to allow it for the future, but that it should be pleaded, whereby the plaintiff might be prepared to defend himself as well as to prove the speaking of the words. That this was now a general rule amongst them all, which no judge would think himself at liberty to depart from; and that it extended to all sorts of words, and not barely to such as imported "a charge of felony." Previous to this decision, the opinions of the judges seem very much to have fluctuated. Six years before this, there had been a meeting of the twelve judges on this same subject; (*Smith* v. *Richardson*, Willes, 20; 11 G. 2;) and they were unanimously of opinion, that when the words imported a general felony, as "thou art a thief," or "thou stolest a horse," the defendant ought not to be allowed, on the general issue, to give the truth of the fact in evidence, in mitigation of damages; four of the judges, however, were of opinion, that such evidence was admissible, when the words imported a particular felony. But in the case of *Underwood* v. *Parks*, the judges were unanimously of opinion, that the same rule extended to all cases of slander, whether the words charged a felony or not. In the case of *Andrews* v. *Van Duzen*, (11 Johns. 33,) the supreme court recognized the rule mentioned as the ground of the

decision in *Underwood* v. *Parks*, that a defendant cannot give in evidence under the general issue, in an action of slander, matter which might be pleaded in bar, which amounts to a full adoption of that case. In the case in the text, it appears that the truth of the expressions was not offered directly in evidence, but equivocal facts, tending to the same point, were offered. The offer was made in this form, in all probability, with reference to another class of cases which seems, to me, not to be very distinctly characterized in the books. This class is supposed to introduce this rule, that where the facts do not amount to a complete justification, and, therefore, cannot be pleaded as such, but tend to prove the truth of the charge, they may be given in evidence, under the general issue, for the purpose of mitigating the damages. This, as a rule of evidence, appears to me very loose, and entirely inconsistent with the decision in *Underwood* v. *Parks*. According to that case, under the general issue, the truth is inadmissible; but, according to the cases we are about to consider, if the common interpretation is to be deemed correct, the mere similitude of truth is to be received, and thus an artful defendant may invariably ruin the character of a plaintiff by shaping his defence a little short of a justification. per Best, Serj't., (2 Camp. 251.) Sir James Mansfield, in the case of the *Earl of Leicester* v. *Walter*, (2 Camp. 251,) admits this rule with great reluctance, and seems to be fully impressed with the difficulties which must necessarily arise in its application. It appears to me that a very different rule is to be drawn from those cases, not so difficult in practice, and more consistent with the case of *Underwood* v. *Parks;* and as this subject has, as yet, only met with *nisi prius* interpretations, and has not been discussed at bar, I shall not be deemed presumptuous in offering my impressions. Malice being the gist of this action, the damages will always be proportioned to the degree of malice manifested by the defendant; consequently, all such facts as tend to diminish the presumed or actual malice, are admissible, sometimes in bar, and sometimes in mitigation, according as they remove malice entirely or merely diminish it. If the defendant is the author of the slander, his offence is very different from that of a man who merely circulates an existing rumor. It, therefore, may be proper to allow a defendant, in diminution of the malice charged against him, to show under what circumstances of suspicion or existing rumor, he used the expressions complained of; and the cases, in my judgment, go no further. Thus, in *Knobel* v. *Fuller*, (cited from M. S, in Peake's Ev. 287, but reported more at large in Starkie on Slander, 456,) the action was brought for a libel, charging the plaintiff with having been concerned with a person of the name of Knowles, in procuring money from the relatives and friends of persons convicted of capital offences, under pretence of being able to procure pardons, through the interference of the duke of Portland, in whose service the plaintiff was.

The defendant, under the general issue, offered to show grounds of suspicion of the truth of the charge against the plaintiff. Eyre, C. J., at first doubted whether this testimony was admissible, but afterwards acquiesced in the distinction taken by Adair, Serj't., who admitted that the defendant could not give in evidence, under the general issue, facts which, if pleaded, would amount to a justificatiion, but contended that they might prove facts, which showed there was cause of suspicion, and therefore, proved that the defendants were not induced to publish the libel through malice, but for the purpose of conveying information to the public, this being a concern of a public nature. Eyre, in adopting this distinction, however, hints at the general rule, which I have already stated; he remarks that though he had never known the evidence given in an action for a libel, yet he had always understood that, in an action for words, the defendant, in mitigation of damages, might give any evidence short of such as would be a complete defence, had a justification been pleaded. The distinction, taken by Adair, Serj't., certainly appears the more correct and reasonable one. In the case of *Curry* v. *Walter*, cited in *Knobel* v. *Fuller*, the same learned judge admitted as evidence, in mitigation, that a motion had been made, in the king's bench, for a criminal information against the plaintiff, for the publishing of which the latter brought his action. This evidence went clearly to diminish the presumed malice, or to rebut it altogether, by showing that the defendant was not the author of the slander.

In the case of the *Earl of Leicester* v. *Walter*, (2 Camp. 253,) the action was for a libel, which stated that the plaintiff was charged, by his lady, with the same offence for which Lord Audley had been executed in the reign of Charles 1st. Sir James Mansfield allowed the defendant to call witnesses to prove in mitigation, that before, and at the time of the publication of the libel, there was a general suspicion of the plaintiff's character and habits, and that it was generally rumored that such a charge had been brought against him, and that his relations and former acquaintances, had, on that ground, refused to visit him. The admissibility of this evidence, it is true, is placed, by Sir Jas. Mansfield, on the ground that if you do not justify, you may give in evidence any thing to mitigate damages, though not to prove the crime charged in the libel. But still he appears, as I have before remarked, to admit this broad rule reluctantly. And, in his charge to the jury, he seems to be anxious to place it on the ground assumed by Adair, Serj't., and adopted by Eyre, C. J. He directed the jury to consider, in assessing damages, whether the reports which had been proved, were sufficient to show that the plaintiff could receive little injury—and that, in this point of view, it did not matter whether the reports were well or ill-founded, provided they got into many men's mouths.

Else v. Ferris.

In *Sir John Eamer* v. *Merle*, cited in *Leicester* v. *Walter*, the action was brought for words of insolvency; and Lord Ellenborough permitted the defendant to prove that, at the time, there were rumors in circulation that the plaintiff's acceptances were dishonored.

The rule, which I think fairly inferrible from these cases, seems to be adopted, by Parsons, C. J., in *Larned* v. *Buffinton*, (3 Mass. 552,) who says, when, through the fault of the plaintiff, the defendant, at the time of speaking the words, had good cause to believe they were true, it appears reasonable that the jury should take into consideration this misconduct of the plaintiff to mitigate damages.

Upon the whole, however, it must be confessed that the subject is not without its serious difficulties, in both points of view.   If all testimony, short of a justification, may be received in evidence, a justification, in effect, may be introduced, under the general issue, without notice to the opposite party : If it is to be confined to matters of suspicion existing at the time of speaking the words, slanderous rumors may be used, by way of defence, by the very author of those rumors.   The admission of some evidence of this kind is certainly reasonable, but the practical application of the rule is extremely difficult.   Vide, on this subject, Starkie on Slander, 460.

In a case tried in the king's bench, in the year 1822, some sensible remarks were made on this subject by Abbot, C. J.

The action was for a libel, imputing to plaintiff that he had received a shawl, knowing it to have been stolen, and that he had committed perjury by making a false return on oath as to the amount of his income, in order to evade the property tax.   The defendant pleaded not guilty; and, at the trial, for the purpose of negativing the presumption of malice, proposed to call witnesses to give evidence of facts, short of a complete justification. This evidence was rejected by the chief justice, who said, I am clearly of opinion that I ought not to receive the evidence which is proposed to be offered.   The case of the *Earl of Leicester* v. *Walter* is very different from the present.   There evidence of rumors was admitted to show that the plaintiff, having previously lost his character, had sustained no injury; but here it is proposed not to give rumors, but facts, in evidence, and there is a vast distinction between rumors and facts.   I think the rule is not so laid down in any of the cases, which have been decided upon this subject, as to preclude the exercise of my own judgment, and I am decidedly against the reception of the evidence proposed to be adduced.   I own I have always thought the rule to be, that, under the plea of the general issue, facts cannot be given in evidence; they must be pleaded in justification; and I have never been satisfied with any of the cases which lay down a different position.   *Waithman* v. *Weaver*, 1 Dowl. & Ry. 10.

### Else v. Ferris.

In 1827, this subject came under the consideration of the supreme court, of this state, and finally before the court of errors.

An article had appeared in one of the public papers, of the city of New York, charging Mr. Root, the then lieutenant governor, with intoxication in his place as president of the senate. The defendant set up the truth of the charge in justification. The witnesses, rather preponderating, in numbers, in favor of the plaintiff, the justification was deemed disproved, and the defendant insisted that the same facts should be considered in answer to the charge of malice, and in mitigation. Much party feeling having unfortunately intruded itself into the case, the discussions on the bench are not quite so satisfactory and clear as might be wished. We may, however, consider these rules as established:—

1. That when the defendant pleads a justification, and fails, the particular facts, which induced the defendant to make the charge, cannot be offered or considered in mitigation.

2. When he goes to trial, on the general issue, he may rebut all presumption of actual malice, by showing facts and circumstances which induced him to suppose the charge was true at the time he made it, although it afterwards turns out to be false. The object of such testimony being, not to create suspicion on the mind of the jury that the charge is true, but to show that the defendant was not actuated by malicious motives.

3. And that, in this view, no evidence can be given, except such as actually was, or may fairly be presumed to have been known to the defendant at the time he made the charge.

When this case was before the supreme court, the note, to which these remarks are now added, received the approbation of the chief justice. *Root* v. *King*, 7 Cow. 613; *King* v. *Root*, 4 Wen. 113.